**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| IVY MITCHELL<br>19928 Porters Inn Dr., Apt. 304<br>Dumfries, VA 22026<br><br>    Plaintiff,<br>v.<br><br>CARE ADVANTAGE, INC.<br><u>**Registered Agent:**</u><br>Corporation Service Company<br>100 Shockoe Slip, Fl. 2<br>Richmond, VA 23219<br><br>    Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ivy Mitchell, by and through undersigned counsel, hereby complains as follows against Defendant Care Advantage, Inc.

## INTRODUCTION

1. Plaintiff Ivy Mitchell ("Plaintiff" or "Ms. Mitchell"), has initiated this action to redress violations by Defendant Care Advantage, Inc. ("Defendant" or "Care Advantage") of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and the Pregnancy Discrimination Act of 1978 ("PDA"), amended Title VII ("Title VII") of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., which prohibit discrimination on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff was terminated from her employment for taking qualified medical leave for an FMLA-qualifying condition attendant to her pregnancy. As a result, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff

has raised federal claims herein under the FMLA and the PDA.

3. This Court has personal jurisdiction over Defendant because Defendant operates in Virginia.

4. Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all the acts underlying this lawsuit occurred in this district and this venue.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Ms. Mitchell is an adult individual with an address as set forth above.

7. Defendant is a Virginia corporation with its principal place of business in Richmond, Virginia.

8. Defendant is authorized to operate in the Commonwealth of Virginia.

9. Defendant employed Ms. Mitchell until she was terminated on September 13, 2018.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## PROCEDURAL HISTORY:

11. More than thirty days prior to the institution of this lawsuit Plaintiff, filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by the Defendant. On April 9, 2019 Plaintiff filed her charge of discrimination with the EEOC, Charge No. 438-2019-00898. *See attached.* On February 20, 2020, the EEOC issued a right to sue letter. *See attached.* All other conditions precedent to the institution of this lawsuit have been

fulfilled.

### FACTS:

12. Defendant has engaged in unlawful employment practices in violation of the PDA, Title VII and the FMLA.

13. Ms. Mitchell was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

14. Ms. Mitchell had worked at least 1,250 hours for Defendant and/or a predecessor in interest pursuant to 29 CFR § 825.107 during the twelve (12) months prior to her taking her FMLA leave.

15. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff worked during the time of her termination.

16. Ms. Mitchell was hired in 2015 as a Home Nursing Aid by Care Advantage's predecessor, Ready Hands, Inc. She worked in various locations throughout Northern Virginia.

17. On September 9, 2018, while Ms. Mitchell was on her way to work, she was involved in a car accident. As a result, she was hospitalized on an emergency basis. Because Ms. Mitchell's pregnancy due date was so close, she was not discharged from the hospital until two days later.

18. Ms. Mitchell informed Defendant about the accident and her resulting medical condition shortly after the accident took place.

19. Upon being discharged from the hospital, Ms. Mitchell learned, through a voicemail left by Yvonne Salazar, that she had been terminated while she was on unpaid medical leave which qualified for leave under the FMLA. Defendant Care Advantage had initiated the process to terminate Ms. Mitchell immediately after learning she had been hospitalized.

20. Ms. Mitchell was terminated because of her need and use of FMLA leave. No other reason was provided to Ms. Mitchell when she was informed of her termination. This is supported by Ms. Mitchell's supervisor's recorded statement.

21. The termination occurred while Ms. Mitchell was on qualified FMLA leave.

22. Ms. Mitchell worked for Care Advantage, and its predecessor, without problem. She consistently met and/or exceeded her employer's expectations. In fact, Ms. Mitchell was nominated for performance-based awards.

23. Prior to her termination the Defendant told Ms. Mitchell, a hard-working mother-to-be, that she could no longer work her regular night-shift because she was pregnant and would fall asleep.

24. Defendant was knowledgeable, or should have been knowledgeable, about the Defendant's affirmative obligations under the FMLA including the obligations not to interfere with Ms. Mitchell's entitlements as set forth under 29 C.F.R. § 825.220. Defendant knew Ms. Mitchell was pregnant, for instance and would need medical care and unpaid leave.

25. By terminating Ms. Mitchell for using qualified medical leave, the Defendant failed to meet its statutory burden of complying with the FMLA in good faith when an employee uses leave for a protected reason. Instead, Defendant discriminated against Ms. Mitchell on the basis of her pregnancy and her need for unpaid medical leave attendant to her pregnancy.

### COUNT I:
### Discrimination in Violation of Title VII, 42 USC § 2000(e) et seq.
### (Gender and Pregnancy Discrimination)

26. Ms. Mitchell re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

27. The PDA amends Title VII to forbid discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment.

28. Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of pregnant women.

29. As a direct and proximate result of Defendant's discrimination of Ms. Mitchell, she has suffered damages, including emotional distress, damage to her reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life as well as termination of her employment.

## COUNT II
**Violations of the Family and Medical Leave Act**
**(Interference)**

30. Ms. Mitchell re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

31. Ms. Mitchell requested temporary leave because of her injury and pregnancy.

32. Ms. Mitchell was entitled to leave pursuant to the FMLA when she took her leave.

33. Ms. Mitchell provided notice to Defendant that she needed FMLA leave as a result of her injury and pregnancy. Defendant terminated Ms. Mitchell due to reasons associated with her injury and pregnancy which necessitated her leave.

34. As a result, Plaintiff suffered damages as set forth herein.

## COUNT III
**Violations of the Family and Medical Leave Act**
**(Retaliation)**

35. Ms. Mitchell re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

36. Ms. Mitchell provided notice to Defendant that she was pregnant and needed FMLA- qualifying leave for illness associated with her pregnancy.

37. Defendant retaliated against Ms. Mitchell by firing Ms. Mitchell for taking qualified leave.

38. Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

39. Defendant violated Ms. Mitchell's reinstatement rights by terminating her after she had been hospitalized for her pregnancy and injuries sustained as a result of a motor vehicle crash.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the FMLA and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff be awarded liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were without good faith;

D. Award Plaintiff compensatory damages in an amount to be determined by the jury;

E. Award punitive damages in favor of Plaintiff against Defendant in an amount to be determined by the jury;

  F. Award Plaintiff her reasonable costs and expenses incurred in this action, including attorneys' fees;

  G. Order equitable relief including but not limited to backpay and front pay;

  H. Enter such other and further relief as the Court may deem just and proper; and

  I. Plaintiff is permitted to have a trial by jury.

            Respectfully Submitted
            Plaintiff
            By Counsel

Dated: May 18, 2020

 /s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-1661
Email: matt@sutterandterpak.com
Counsel for Plaintiff